UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ronnie White Mountain, | File No. 25-CV-00164 (JMB/ECW) |
| Plaintiff, | |
| v. | ORDER |
| Attorney Aaron K. Jordan, *Individual and Official Capacity*; Jason Reed, *Individual and Official Capacity*; Argie Manolis; AUSA Kirsten Jasper; Ann Streed; Gary Knouse; Special Agent Daniel Genck; Special Agent Kendra Holloway; Special Agent Carly Mahoney; Chief Deputy Tom Loew; Sheriff Jason Dingham, *Individual and Official Capacity*; Raquel Franklin; and Tara Michelle Gromatka, | |
| Defendants. | |

Ronnie White Mountain, Coleman, FL, self represented.

This matter is before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge Elizabeth Cowan Wright, dated March 10, 2025. (Doc. No. 12) on Plaintiff Ronnie White Mountain's Complaint. (Doc. No. 1.) In lieu of formal objection, White Mountain filed a response letter to the R&R. (Doc. No. 13). For the reasons explained below, the Court will adopt the R&R and dismiss the action.

## BACKGROUND

The factual background for this matter is set forth in the R&R and is incorporated here by reference. Because the R&R provides a detailed history, the Court only briefly

1

summarizes it here.

White Mountain is currently serving a 360-month sentence in federal prison following his conviction by jury of several sex offenses. *See United States v. Mountain*, 843 F. App'x 13 (8th Cir. 2021). On December 16, 2024, White Mountain filed a Complaint with attached exhibits totaling 386 pages. (Doc. No. 1.) On January 29, 2025, the Court notified White Mountain that a full statutory filing fee of $350 would be assessed, and an initial partial filing fee of $28.22 was required to initiate the civil action. (Doc. No. 10 at 2.) The Court informed White Mountain that, upon receipt of the initial filing fee, the Court would review White Mountain's Complaint to determine whether it complied with the pleading rules of the Federal Rules of Civil Procedure. (*Id.* at 3.) White Mountain was cautioned that his lengthy and disorganized Complaint facially appeared to violate Rule 8(a)(2)'s pleading requirements. (*Id.*) He was also warned that the civil lawsuit was the improper procedural vehicle by which to challenge the validity of his criminal convictions. (*Id.* at 4.)

Despite these clear and substantive warnings, White Mountain chose to persist in his lawsuit through the submission of his initial filing fee. (Doc. No 11.) The Magistrate Judge then conducted a preservice review pursuant to section 1915A. (Doc. No. 12.) The Magistrate Judge issued an R&R recommending dismissal of the Complaint for failure to comply with Rule 8 pleading standards, an improper collateral attack on White Mountain's South Dakota criminal proceedings, and violations of the relevant statutes of limitations. (*See id.* at 3–5.)

**DISCUSSION**

For the reasons discussed below, the Court adopts the R&R and dismisses the action. The Court conducts a de novo review of any portion of an R&R to which a petitioner makes specific objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). However, the Court need only review for clear error any aspect of an R&R to which no specific objection is made. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Because White Mountain is self-represented, his filings are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Court has reviewed White Mountain's letter to discern whether White Mountain raises any specific objections to the R&R. While White Mountain states that he attempts "to bring clarity as to who is being sued [and the] legal claims being raised," he does not raise any specific objections to the proposed finding or recommendations of the Magistrate Judge. (Doc. No. 13 at 1.) Insofar as White Mountain brings new arguments not raised for the first time in his Complaint, the Court finds such arguments have been waived. *See Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012).

Whether the Court reviews the R&R de novo or for plain error, the result is the same. The Court agrees with the Magistrate Judge that White Mountain's Complaint violates the pleadings standards set forth in the Federal Rules of Civil Procedure, for it lacks the "sufficient factual content to allow the court to draw the reasonable inference that the defendant[s are] liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Moreover, White Mountain seeks damages for allegedly unconstitutional actions underlying his criminal conviction. These allegations would, if true, undermine the validity

of his conviction. (*See* Doc. No. 1 at 17.) To proceed in a civil action of this nature, however, a section 1983 plaintiff must first demonstrate that his conviction was reversed on direct appeal or has otherwise been favorably terminated. *Heck v. Humphrey*, 512 U.S. 477, 477 (1994). Civil claims regarding convictions that have not been so dissolved are not cognizable under via a section 1983 or *Bivens* action. *Id.*; *see also Whitmore v. Harrington*, 204 F.3d 784, 785 (8th Cir. 2000) (recognizing that the rule set forth in *Heck* also applies to *Bivens* actions). White Mountain has not achieved favorable termination as to his conviction or sentence. *Id.* To the contrary, his criminal conviction was considered and upheld by the Eighth Circuit Court of Appeals in 2021. *See Mountain*, 843 F. App'x at 14. Therefore, the Court agrees with the R&R that White Mountain's civil claims under section 1983 and *Bivens* are procedurally improper at this time.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The R&R (Doc. No. 12) is ADOPTED.

2. The Court DISMISSES Plaintiff Ronnie White Mountain's Complaint (Doc. No. 1) WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 30, 2025

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court